```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/12
```

*Magistrate is Pitman*

# Josh Bernstein, P.C.
## Civil Rights & Employment Law

Josh Bernstein, P.C.  
116 West 23rd Street, 5th Fl.  
New York, NY 10011

(212) 537-9412  
(Phone & Fax)  
jbernstein@jbernsteinpc.com

**Susan J. Baldwin v. Goddard Riverside Community Center (# 11-CV-7591)**

**RE: Request for extension to discovery deadline and for court intervention in regards to documents withheld by Defendant as privileged**

July 27, 2012

The Honorable Paul G. Gardephe  
United States District Court, Southern District of New York  
500 Pearl Street, Room 920  
New York, NY 10007

**MEMO ENDORSED**

Judge Gardephe,

I represent Plaintiff Susan Baldwin in the above-captioned matter and I write to request an extension to the relevant discovery deadlines in this case and to raise a discovery dispute that requires Court intervention.

**Request for Extension**

Currently, the deadline for fact discovery and initial expert disclosure in this case is August 3, 2012, with the deadline for responsive expert disclosure set for August 17, 2012, and September 4, 2012 for all expert disclosure, including depositions. The deadline for the parties to inform your Honor by letter of their intention to make a dispositive motion is September 18, 2012.

With Defendant's consent, Plaintiff hereby requests that the deadlines be extended to September 14, 2012 for fact discovery, October 9, 2012 for expert disclosure, and October 16, 2012 for informing the Court by letter of the parties' intention to make a dispositive motion.

This is the parties' first request for an extension of time. Unfortunately, while the parties have completed document discovery (save for the privileged document issues which will be discussed below), the parties have not been able to conduct depositions in this case, which is the primary basis for this request. Defendant was prepared to depose Mrs. Baldwin, however, we were unable to schedule her deposition because Mrs. Baldwin has undergone a series of surgeries in the past few months (including replacement of both of her knees and serious dental surgery). As to depositions of Defendant's employees, Plaintiff has been waiting on the production of metadata for a document that will be central to this suit (Defendant has agreed to produce the metadata for this document), and wishes to have the benefit of the production of the withheld

documents discussed below (for those that ultimately are produced) prior to conducting depositions.

Additionally, there is currently a pretrial conference scheduled for August 1, 2012. In light of the outstanding discovery issues and the parties' request for an extension of time, it may be prudent to either cancel/reschedule this conference, or use it as an opportunity to resolve the privileged document issues (though I apologize for providing your Honor with this letter so soon before the scheduled conference).

**Privileged Documents**

Pursuant to your Honor's Individual Rule 3(E), Plaintiff writes to raise the issue of a number of documents that have been withheld by the Defendant under a claim of attorney-client privilege. I have attempted to comply with your Honor's rule concerning the jointly composed letter, but have been unable to secure a response as to whether the joint description of the dispute I have circulated to Defendant's counsel is acceptable (although I have received Defendant's position as to why it is unwilling to turn over the documents via email).

I have attached to this letter Plaintiff's proposed joint letter to your Honor I previously circulated to Defendant describing the documents at issue and Plaintiff's position as to why they are discoverable. I have also attached the relevant sections of Defendant's privilege log.

In addition to Defendant's claim of privilege, Defendant also asserts that the documents at issue are not responsive to Plaintiff's discovery requests as an additional ground for not producing them. Moreover, Defendant has stated that it is willing to redact documents bates stamped DEFPRIV 99-101 and produce the remainder.

Therefore, Plaintiff requests that your Honor schedule a pre-motion conference.

*[Handwritten: Deft is to produce for in camera review all the documents that remain in dispute along with an index identifying all senders and recipients.]*

Very Truly Yours,

/s/
Joshua Alexander Bernstein

SO ORDERED

_____
HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
8-8-12

Cc: Michael Tiliakos, Esq.
    Eric Ruden, Esq.

/encl

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSAN J. BALDWIN, )<br>)<br>)<br>) Case #: 11-CV-7591<br>Plaintiff, ) (PGG)(HP)<br>)<br>v. )<br>)<br>GODDARD RIVERSIDE COMMUNITY CENTER, ) **JOINT DISCOVERY**<br>) **DISPUTE LETTER**<br>)<br>)<br>Defendant. ) | |

J. Gardephe,

The parties write to you pursuant to your Individual Rule 3(E) to raise a discovery dispute concerning documents withheld by Defendant as attorney-client privileged. As your Honor may recall, this is a suit for retaliation in employment under Title VII of the Civil Rights Act, the New York City Human Rights Law, and the New York State Human Rights Law.

The parties have been unable to reach an agreement concerning the discoverability of documents identified as DEF 0003, 0061, 0082, 0084, 0088-92, 0093-95, and 0096-0106. Defendant's Privilege Log, annexed hereto as Exhibit 1. Over the last month, Joshua Bernstein (Plaintiff's attorney of record) and Michael Tiliakos (Defendant's lead attorney) have conferred over a series of emails concerning a number of discovery issues including a metadata and redaction issue – both of which have been resolved by the parties – and have been unable to reach an agreement concerning the aforementioned documents. The parties now write to your Honor seeking a ruling considering the discoverability of the identified documents.

## Plaintiff's Position

Defendant has identified 326 documents in its privilege log, many of which pre-date Plaintiff's termination. As the proponent of the claim of attorney-client privilege, Defendant bears the burden of establishing that these documents are communications "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

DEF 0082 is not protected by the attorney-client privilege because it is a communication within Defendant rather than between Defendant and legal counsel. The document is an email from Salvador Uy (Defendant's Associate Director of Operations) to Eric Rosenfeld (a member of Defendant's Board of Directors) and Stephan Russo (Defendant's Executive Director) on 2/22/2009, described in Defendant's Privilege Log as "Email correspondence regarding legal counseling for managing Plaintiff's Performance". Plaintiff was not fired until 10/06/2010.

Of the parties to the communication, only Mr. Rosenfeld is licensed to practice law, and there is no indication that he serves as Defendant's general counsel. Moreover, the privilege is applied narrowly when the communication is to corporate staff counsel rather than to outside counsel, and the document would still have to be examined in order to determine whether the communication was made to procure legal rather than business advice even if Mr. Rosenfeld held the title of GC. *See Aiossa v. Bank or America, N.A.*, 2011 WL 4026902 *3 (E.D.N.Y. 2011).

DEF 0003 and 0084 are emails from Catherine Herman (Plaintiff's direct supervisor) to Salvador Uy and Michael Tiliakos (Defendant's counsel) on 9/13/2010. Defendant has produced in discovery a memorandum dated the same day from Catherine

2

Herman to Mr. Uy recommending Plaintiff's termination with 30 days' pay in lieu of notice, attached hereto as Exhibit 2. Plaintiff was fired less than a month after these communications were made. DEF 0003 is described in Defendant's Privilege Log as "Email correspondence regarding legal counseling for proposed termination of Plaintiff", and DEF 0084 is described as "Email correspondence regarding legal counseling for managing Plaintiff's performance."

Plaintiff challenges whether these communications were made for the purpose of seeking legal advice. If Mr. Uy was the recipient of this email and Mr. Tiliakos was simply cc'ed (for recordkeeping or a variety of other potential non-advisory reasons), the privilege was not conferred. *See e.g. Spiniello Companies v. Hartford Fire Ins. Co.*, 2008 WL 2775643 (D.N.J. 2008). Defendant's privilege log does not provide sufficient information concerning the subject matter of these emails to determine whether the attorney-client privilege applies, and given the likelihood that Defendant will rely on the 9/13/2010 memorandum recommending Plaintiff's termination (dated the same day as these emails, from the author of the emails to the first-listed recipient in Defendant's privilege log) to justify Plaintiff's termination, these documents should at least be viewed in camera by your Honor to determine their discoverability.

Moreover, Defendant has interposed Plaintiff's allegedly substandard performance as its justification for her termination, and, according to Defendant's Privilege Log, Mr. Rosenfeld and Mr. Tiliakos were involved with "managing Plaintiff's performance" well before she was fired. Defendant has therefore waived any privilege it had by putting the allegedly protected information at issue and making it relevant to the case. *See Pray v. New York City Ballet Co.*, 1998 WL 558796 (S.D.N.Y. 1998)

3

(upholding Order that Defendant's counsel submit to depositions re: their pre-litigation involvement in an investigation of Plaintiff's sexual harassment claims).

DEF 0061 is an email from Stanley Heckman (a member of Defendant's Board of Directors) to Salvador Uy, Eric Rosenfeld and Michael Tiliakos on 1/25/2011, described in Defendant's privilege log as "correspondence regarding response to Plaintiff's letter to Executive Committee". From the description of the subject matter of the communication, the email does not appear to be soliciting or responding to legal advice. As with the vast majority of the documents in dispute, there is a question as to whether Mr. Tiliakos was an intended primary recipient of this email sufficient to render the communication between a party and legal counsel – and to make the communication for the purposes of obtaining legal advice – or whether Mr. Tiliakos was simply cc'ed on an email between employees of Defendant.

DEF 0088-0092 are "Email correspondence regarding legal counseling for managing Plaintiff's performance" from Catherine Herman to Michael Tiliakos and Salvador Uy on 10/20/2010. As Plaintiff was fired two weeks before these communications were made, it is unclear how they could pertain to managing Plaintiff's performance. Again, Plaintiff challenges whether these communications were made for the purposes of soliciting legal advice, and whether Mr. Tiliakos was an active recipient rather than a third party cc'ed on an email between Defendant's employees.

DEF 0093-0095 & 0096-0106 are various "Email correspondence regarding strategy for response to Plaintiff's grievance" from Catherine Herman to Salvador Uy and Michael Tiliakos from 10/25/2010 to 12/7/2010. In addition to the issue re: whether Mr. Tiliakos was merely cc'ed on the emails, if Mr. Tiliakos was actively involved in

4

Defendant's response to Plaintiff's grievance, then he may have been acting as a legal adviser, or may have been dispensing non-legal advice.

### Defendant's Position

7/27/12 02:40PM Josh Bernstein, Josh Bernstein, P.C.

2128057986 Page10/12

## DEFENDANT'S PRIVILEGE LOG FOR FIRST PRODUCTION OF DOCUMENTS

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure and Local Rule 26.2, Defendant Goddard Riverside Community Center ("Defendant") provides the following privilege log of documents withheld[1] in response to plaintiff Susan Baldwin's ("Plaintiff's") Initial Document Requests dated April 17, 2012, as follows:

| Number DEF PRIV | Date | Author | Addressees & Other Recipients | Document Description | Privilege Claimed |
|---|---|---|---|---|---|
| 0001 | 10/27/2011 | Michael Tiliakos | Eric Rosenfeld, Stephan Russo, Salvador Uy, Marcia Henry | Email correspondence regarding litigation strategy | ATTORNEY-CLIENT |
| 0002 | 1/18/2011 | Salvador Uy | n/a | Handwritten notes taken during legal advising meeting with Michael Tiliakos and Eric Rosenfeld | ATTORNEY-CLIENT |
| 0003 | 9/13/2010 | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding legal counseling for proposed termination of Plaintiff | ATTORNEY-CLIENT |
| 0004-0060 | Various between 1/2011 and 11/2011 | Eric Rosenfeld | Salvador Uy, Stephan Russo, Michael Tiliakos, et al. | Email correspondence regarding litigation strategy | ATTORNEY-CLIENT |
| 0061 | 1/25/2011 | Stanley Heckman | Salvador Uy, Eric Rosenfeld, Michael Tiliakos | Email correspondence regarding response to Plaintiff's letter to Executive Committee | ATTORNEY-CLIENT |

---

[1] The documents are in the custody of Defendant's counsel.

| | | | | | |
|---|---|---|---|---|---|
| 0062-0065 | 12/13/2011 | Adriana Traver | Michael Tiliakos; CC: Eric Rosenfeld, Gail Victor, Marcia Henry, Stephan Russo, Salvador Uy | Email correspondence regarding litigation strategy | ATTORNEY-CLIENT |
| 0066-0067 | 11/14/2011 | Adriana Traver | Candace O'Brien, Salvador Uy | Email correspondence regarding litigation strategy. | ATTORNEY-CLIENT |
| 0068-0069 | 11/11/2011 | Candace O'Brien | Adriana Traver, Salvador Uy | Email correspondence regarding litigation strategy. | ATTORNEY-CLIENT |
| 0070-0074 | 5/25/2011 | Candace O'Brien | Michael Tiliakos, Salvador Uy, Eric Rosenfeld, Stephan Russo, Rosemary Joyce | Email correspondence regarding strategy for response to Plaintiff's EEOC charge | ATTORNEY-CLIENT |
| 0080-0081 | 6/21/2011 | Adriana Traver | Stephan Russo | Correspondence regarding insurance coverage for Plaintiff's EEOC charge | ATTORNEY-CLIENT |
| 0077-0079 | 12/30/2010 | Adriana Traver | Stephan Russo | Correspondence regarding insurance coverage for Plaintiff's demand letter | ATTORNEY-CLIENT |
| 0075-0076 | 11/8/2010 | L. Brenner | Stephan Russo | Correspondence regarding insurance coverage for Plaintiff's demand letter | ATTORNEY-CLIENT |
| 0082 | 2/22/2009 | Salvador Uy | Eric Rosenfeld, Stephan Russo | Email correspondence regarding legal counseling for managing Plaintiff's performance | ATTORNEY-CLIENT |
| 0083 | 3/7/2010 | Michael Tiliakos | Salvador Uy | Email correspondence regarding legal counseling for managing Plaintiff's performance | ATTORNEY-CLIENT |
| 0084 | 9/13/2010 | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding legal counseling for managing Plaintiff's performance | ATTORNEY-CLIENT |
| 0088-0092 | 10/20/2010 | Catherine Herman | Michael Tiliakos, Salvador Uy | Email correspondence regarding legal counseling for managing Plaintiff's performance | ATTORNEY-CLIENT |
| 0093- | 10/25/2010, | Catherine Herman | Michael Tiliakos, | Email correspondence regarding strategy | ATTORNEY- |

DEFENDANT'S PRIVILEGE LOG FOR FIRST PRODUCTION OF DOCUMENTS    3

| 0095 | 11:39 a.m. | | Salvador Uy | for response to Plaintiff's grievance | CLIENT |
|---|---|---|---|---|---|
| 0096-0098 | 10/25/2010, 3:24 p.m. | Catherine Herman | Michael Tiliakos, Salvador Uy | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0099 | 11/1/2010 | Catherine Herman | Michael Tiliakos, Salvador Uy | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0100 | 11/2/2010, 10:37 a.m. | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0101 | 11/2/2010, 12:50 p.m. | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0102 | 11/23/2010, 4:50 p.m. | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0103 | 11/23/2010, 8:29 p.m. | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0104-0105 | 11/24/2010 | Catherine Herman | Salvador Uy, Michael Tiliakos | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0106 | 12/7/2010, 4:31 p.m. | Catherine Herman | Salvador Uy, Michael Tiliakos, Eric Rosenfeld | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0107-0108 | 12/7/2010, 4:46 p.m. | Catherine Herman | Salvador Uy, Michael Tiliakos, Eric Rosenfeld | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0109-0110 | 12/7/2010, 7:08 p.m. | Michael Tiliakos | Salvador Uy, Eric Rosenfeld, Catherine Herman | Email correspondence regarding strategy for response to Plaintiff's grievance | ATTORNEY-CLIENT |
| 0111-0272 | Various between 10/2011 and 12/2011 | Various, including, but not limited to, Michael Tiliakos and Marcia Henry | Salvador Uy | Email correspondence regarding litigation strategy | ATTORNEY-CLIENT |
| 0273-0326 | Various in 1/2012 | Various, including but not limited to Michael Tiliakos and Marcia Henry | Salvador Uy | Email correspondence regarding litigation strategy | ATTORNEY-CLIENT |

DEFENDANT'S PRIVILEGE LOG FOR FIRST PRODUCTION OF DOCUMENTS            4