UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN J. BALDWIN,<br><br>          Plaintiff,<br>v.<br><br>GODDARD RIVERSIDE COMMUNITY CENTER,<br><br>          Defendant. | 11-CV-7591 (PGG)(HP)<br><br>**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO AMENDED COMPLAINT** |

Defendant GODDARD RIVERSIDE COMMUNITY CENTER ("Defendant" or "GRCC"), by and through its attorneys Duane Morris LLP, hereby answers the Amended Amended Complaint ("Amended Complaint") of Plaintiff SUSAN J. BALDWIN ("Plaintiff") as follows:

In response to the non-numbered paragraphs preceding paragraph 1 of the Amended Complaint, all other non-numbered paragraphs, and each and every substantive allegation of the Amended Complaint, Defendant denies that it violated the law and/or that it harmed Plaintiff in any way.

1.      In response to paragraph 1 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff purports to bring this action under the New York City Human Rights Law, the New York State Human Rights Law, and Title VII of the Civil Rights Act.[1]  Defendant further denies that Plaintiff is entitled to any relief under these statutes or that Defendant engaged in any discriminatory or unlawful conduct.

---

[1] Plaintiff's claim under New York Labor Law § 201-d was voluntarily withdrawn, and such withdrawal approved by the Court in an Order dated December 14, 2011.

1

## JURISDICTION AND VENUE

2. In response to paragraph 2 of the Amended Complaint, Defendant denies the allegations except admits that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. In response to paragraph 3 of the Amended Complaint, Defendant admits the allegations.

4. In response to paragraph 4 of the Amended Complaint, Defendant admits the allegations.

5. In response to paragraph 5 of the Amended Complaint, Defendant denies the allegations, except admits that GRCC is a 501(c)(3) corporation formed and existing under the New York State Not-for-Profit 501(c)(3) laws conducting business in the City, County and State of New York with its principal office and place of business at 593 Columbus Avenue, New York, New York. Defendant further admits that Phelps House is located at 593 Columbus Avenue in New York County and was developed pursuant to § 202 of the National Housing Act of 1959 as amended in 1974; as of December 31, 2004 Phelps House Assoc., LLP, an entity related to GRCC, owned and operated Phelps House with T.U.C. Management Company, Inc. as its managing agent; and as of January 2009, Grenadier Realty Corporation became the managing agent of Phelps House.

## FACTUAL ALLEGATIONS DEMONSTRATING UNLAWFUL RETALIATION

6. In response to paragraph 6 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff was employed at GRCC from July 1994 until October 6, 2010.

7. In response to paragraph 7 of the Amended Complaint, Defendant denies the allegations, except admits that, at times during Plaintiff's employment at GRCC, Bernard Wohl ("Wohl") was GRCC's Executive Director; Barbara Reinhardt and George Kahler were Associate Directors at GRCC; and Ellen Eisenmann was an Associate Director at GRCC.

8. In response to paragraph 8 of the Amended Complaint, Defendant denies the allegations, except admits that Stephen Russo ("Russo") is the current Executive Director at GRCC; Russo became Deputy Director at GRCC in 1998; Wohl retired in 1999; and Russo became Executive Director after Wohl retired. Defendant further states that it denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Plaintiff met Russo.

9. In response to paragraph 9 of the Amended Complaint, Defendant denies the allegations, except admits that Gerald Mascuch ("Mascuch") began his employment at GRCC after Russo became Executive Director at GRCC.

10. In response to paragraph 10 of the Amended Complaint, Defendant denies the allegations.

11. In response to paragraph 11 of the Amended Complaint, Defendant admits the allegations, except denies knowledge or information sufficient to form a belief as to whether it was in fact Plaintiff's practice to send letters "to the next applicant on the list and work towards filling the vacancy with whoever was at the top of the list, so long as they qualified and had kept their application fresh.".

12. In response to paragraph 12 of the Amended Complaint, Defendant denies the allegations. Inasmuch as the "etc." portion of paragraph 12 does not contain factual allegations, no response is required.

13. In response to paragraph 13 of the Amended Complaint, Defendant denies the allegations.

14. In response to paragraph 14 of the Amended Complaint, Defendant denies the allegations.

15. In response to paragraph 15 of the Amended Complaint, Defendant denies the allegations, except admits that Stephan Russo told Mercedes Rankin that he wanted a diverse building to the extent permissible under the law.

16. In response to paragraph 16 of the Amended Complaint, Defendant denies the allegations.

17. In response to paragraph 17 of the Amended Complaint, Defendant denies the allegations.

18. In response to paragraph 18 of the Amended Complaint, Defendant denies the allegations.

19. In response to paragraph 19 of the Amended Complaint, Defendant denies the allegations, except admits there were four vacancies in 2008, and denies knowledge or information sufficient to form a belief as to Plaintiff's precise efforts to fill such vacancies.

20. In response to paragraph 20 of the Amended Complaint, Defendant denies the allegations, except admits that Cathy Herman ("Herman") visited Phelps House after joining GRCC.

21. In response to paragraph 21 of the Amended Complaint, Defendant denies the allegations.

22. In response to paragraph 22 of the Amended Complaint, Defendant denies the allegations.

23. In response to paragraph 23 of the Amended Complaint, Defendant denies the allegations, except admits that Herman told Mercedes Rankin that she should take applicants in the order they were on the waiting list.

24. In response to paragraph 24 of the Amended Complaint, Defendant denies the allegations, except admits that Herman told Ms. Rankin that she was to adhere to the list of prospective tenants.

25. In response to paragraph 25 of the Amended Complaint, Defendant denies the allegations, except admits that Stephan Russo wanted Phelps House to be a diverse building to the extent permissible under the law.

26. In response to paragraph 26 of the Amended Complaint, Defendant denies the allegations.

27. In response to paragraph 27 of the Amended Complaint, Defendant denies the allegations.

28. In response to paragraph 28 of the Amended Complaint, Defendant denies the allegations, except admits that Jose Robles ("Robles") was employed as a superintendent at GRCC during Plaintiff's employment at GRCC.

29. In response to paragraph 29 of the Amended Complaint, Defendant admits the allegations.

30. In response to paragraph 30 of the Amended Complaint, Defendant denies the allegations, except admits that alcoholic beverages were stored in a basement storage room at Phelps House; books were stored in the basement storage room; and the alcoholic beverages were to be served at GRCC's annual fundraiser. Defendant further denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's and Robles's knowledge.

31. In response to paragraph 31 of the Amended Complaint, Defendant denies the allegations, except admits that in September 2007, there was a meeting attended by Russo, Mascuch, Plaintiff, Mercedes Rankin, Robles, and the maintenance staff.

32. In response to paragraph 32 of the Amended Complaint, Defendant denies the allegations, except admits that Russo stated that a substantial amount of the alcoholic beverages stored in the basement storage room was stolen.

33. In response to paragraph 33 of the Amended Complaint, Defendant denies the allegations, and further states that it lacks knowledge or information sufficient to form a belief as to how Plaintiff "took" Robles's alleged suggestion.

34. In response to paragraph 34 of the Amended Complaint, Defendant denies the allegations.

35. In response to paragraph 35 of the Amended Complaint, Defendant denies the allegations, except admits that Robles' employment was terminated on October 10, 2007 and Russo notified Robles of the termination.

5

36.     In response to paragraph 36 of the Amended Complaint, Defendant denies the allegations.

37.     In response to paragraph 37 of the Amended Complaint, Defendant admits the allegations.

38.     In response to paragraph 38 of the Amended Complaint, Defendant denies the allegations, except admits that Eric Rosenfeld ("Rosenfeld") is a member of GRCC's Board of Directors and an attorney licensed to practice in the State of New York, and Plaintiff met with Rosenfeld after Robles' termination.

39.     In response to paragraph 39 of the Amended Complaint, Defendant denies the allegations except admits that Rosenfeld requested Robles's personnel information from Plaintiff and Plaintiff provided Robles's personnel file.

40.     In response to paragraph 40 of the Amended Complaint, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Mascuch resigned his employment at GRCC in January 2008.

41.     In response to paragraph 41 of the Amended Complaint, Defendant denies the allegations, except admits that Salvador Uy ("Uy") began his employment at GRCC as Associate Director of Operations in January 2008.

42.     In response to paragraph 42 of the Amended Complaint, Defendant denies the allegations, except admits that GRCC hired a new superintendent for Phelps House in July 2008.

43.     In response to paragraph 43 of the Amended Complaint, Defendant admits the allegations.

44.     In response to paragraph 44 of the Amended Complaint, Defendant denies the allegations, except admits that on July 22, 2008, Oscar Alzate ("Alzate"), an investigator with Chubb Insurance Company, GRCC's insurance carrier, interviewed Plaintiff and other people regarding Robles.

45.     In response to paragraph 45 of the Amended Complaint, Defendant denies the allegations, except admits that a written summary of Plaintiff's interview was prepared.

46. In response to paragraph 46 of the Amended Complaint, Defendant denies the allegations, and further denies having knowledge of information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reaction upon her receipt of the written summary of her interview.

47. In response to paragraph 47 of the Amended Complaint, Defendant denies the allegations.

48. In response to paragraph 48 of the Amended Complaint, Defendant denies the allegations, except admits that Herman began her employment at GRCC as Director of Housing in July 2008.

49. In response to paragraph 49 of the Amended Complaint, Defendant denies the allegations, except admits that a staff person from Grenadier Realty Corp. visited Phelps House in or around December 2008..

50. In response to paragraph 50 of the Amended Complaint, Defendant admits the allegations.

51. In response to paragraph 51 of the Amended Complaint, Defendant denies the allegations, except admits that, during Plaintiff's deposition in the Robles case, Plaintiff's purportedly corrected summary of her interview with GRCC's insurance agent was introduced into evidence, Plaintiff stated that the first written summary of her interview allegedly did not accurately represent her statements to Alzate, and Plaintiff stated that she had sent a purportedly corrected copy to the insurance agent.

52. In response to paragraph 52 of the Amended Complaint, Defendant denies the allegations, except admits that, during Plaintiff's deposition in the Robles case, Plaintiff testified that she was not involved in the decision to terminate Robles.

53. In response to paragraph 53 of the Amended Complaint, Defendant denies the allegations.

54. In response to paragraph 54 of the Amended Complaint, Defendant denies the allegations, except admits that Doris Colon ("Colon") is the Director of Social Services for Phelps House and, at times, contacted Plaintiff regarding facilities issues.

55. In response to paragraph 55 of the Amended Complaint, Defendant denies the allegations.

56. In response to paragraph 56 of the Amended Complaint, Defendant denies the allegations.

57. In response to paragraph 57 of the Amended Complaint, Defendant denies the allegations.

58. In response to paragraph 58 of the Amended Complaint, Defendant denies the allegations, except admits that many tenants of Phelps House are wheelchair-bound and electric doors were installed in Phelps House on or about July 2010.

59. In response to paragraph 59 of the Amended Complaint, Defendant denies the allegations, except admits that Russo met with the tenants of Phelps House in September 2010 and Plaintiff was not present at the meeting.

60. In response to paragraph 60 of the Amended Complaint, Defendant denies the allegations.

61. In response to paragraph 61 of the Amended Complaint, Defendant denies the allegations.

62. In response to paragraph 62 of the Amended Complaint, Defendant denies the allegations.

63. In response to paragraph 63 of the Amended Complaint, Defendant denies the allegations, except admits that Uy spoke to Plaintiff on October 6, 2010.

64. In response to paragraph 64 of the Amended Complaint, Defendant denies the allegations, except admits that Uy and Herman went to Plaintiff's office on October 6, 2010 and gave Plaintiff a letter stating that her employment at GRCC was terminated.

65. In response to paragraph 65 of the Amended Complaint, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reaction to the termination letter, admits that the termination letter speaks for itself, and denies the remaining allegations stated therein.

66. In response to paragraph 66 of the Amended Complaint, Defendant denies the allegations, except admits that Uy and Herman informed Plaintiff that October 6, 2010 would be her last day of employment at GRCC.

67. In response to paragraph 67 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff was provided with documents that demonstrated Plaintiff's substandard work performance during her employment, and further admits that Plaintiff's husband was present at Phelps House on the date of Plaintiff's termination.

68. In response to paragraph 68 of the Amended Complaint, Defendant denies the allegations, except admits that GRCC had grievance procedures that were made available to employees not covered by a collective bargaining agreement, and Plaintiff's termination letter states that Plaintiff would be paid in lieu of 30 days' notice of termination.

69. In response to paragraph 69 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff invoked GRCC's grievance procedure and GRCC produced documents that demonstrated Plaintiff's substandard performance during her employment.

70. In response to paragraph 70 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff's grievance was denied at each stage of the grievance process and her employment at GRCC was not reinstated.

71. In response to paragraph 71 of the Amended Complaint, Defendant denies the allegations, except admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission dated May 6, 2011 and a right to sue notice dated September 14, 2011 was issued.

## FIRST CAUSE OF ACTION

72. Defendant repeats and re-alleges the responses stated in paragraphs 1-71 inclusive as if they were full set forth herein.

73. In response to paragraph 73 of the Amended Complaint, Defendant denies the allegations.

74. In response to paragraph 74 of the Amended Complaint, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

75. Defendant repeats and re-alleges the responses stated in paragraphs 1-71 inclusive as if they were full set forth herein.

76. In response to paragraph 76 of the Amended Complaint, Defendant denies the allegations.

77. In response to paragraph 77 of the Amended Complaint, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

78. Defendant repeats and re-alleges the responses stated in paragraphs 1-71 inclusive as if they were full set forth herein.

79. In response to paragraph 79 of the Amended Complaint, Defendant denies the allegations.

80. In response to paragraph 80 of the Amended Complaint, Defendant denies the allegations.

## FOURTH CAUSE OF ACTION

81. Defendant repeats and re-alleges the responses stated in paragraphs 1-71 inclusive as if they were full set forth hereinAmended Complaint.

82. In response to paragraph 82 of the Amended Complaint, Defendant denies the allegations.

83. In response to paragraph 83 of the Amended Complaint, Defendant denies the allegations.

84. Defendant denies that Plaintiff is entitled to any of the relief demanded in the WHEREFORE section immediately following Paragraph 83 of the Amended Complaint or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Amended Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, is barred by the applicable statutes of limitations under the applicable federal and state laws.

### THIRD DEFENSE

Plaintiff is barred from recovering any compensatory damages, or any recovery for compensatory damages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### FOURTH DEFENSE

Judicial review of the Amended Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the business judgment rule.

### FIFTH DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiff has unclean hands.

### SEVENTH DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

### EIGHTH DEFENSE

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which Plaintiff seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### NINTH DEFENSE

Plaintiff was an employee at will and any action taken by Defendant was proper.

### TENTH DEFENSE

Plaintiff is not entitled to recovery for punitive damages and attorneys' fees and costs under the New York State Executive Law.

### ELEVENTH DEFENSE

Plaintiff cannot establish the necessary elements for a *prima facie* retaliation claim.

### TWELFTH DEFENSE

Defendant's actions and decisions with respect to Plaintiff were taken for legitimate non-discriminatory reasons.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages based upon emotional, mental or physical injuries are barred by the exclusivity provisions of the applicable workers' compensation laws.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to recover damages on her claims of retaliation because, at all relevant times, Defendant has acted in good faith to comply with federal and state law prohibiting retaliation in employment.

## **RESERVATION OF RIGHTS**

Defendant reserves its rights to amend its answer and to assert any additional defenses that may become available or apparent during the course of discovery in this case.

WHEREFORE, Defendant prays for judgment as follows:

A. That Plaintiff take nothing by the Amended Complaint;

B. That judgment be entered in favor of Defendant and against Plaintiff in this action;

C. That Defendant be awarded its reasonable attorneys' fees and costs of suit; and

D. For such other relief as this Court may deem just and proper.

Dated: November 5, 2012
New York, New York

                DUANE MORRIS LLP

                By:    s/ Michael Tiliakos
                        Michael Tiliakos
                        mtiliakos@duanemorris.com
                        Eric W. Ruden
                        eruden@duanemorris.com

                        1540 Broadway
                        New York, NY 10036-4086
                        Tel.: (212) 692-1000
                        Fax.: (212) 692-1020